■ NICHOLAS COUDAKIS, as Administrator of the Estate of EMMANUEL COUDAKIS, Deceased, Respondent-Appellant, v TWENTIETH EQUITIES CORP. et al., Respondents, and ABCO REFRIGERATION SUPPLY CORPORATION, Appellant-Respondent. [721 NYS2d 801] —In an action to recover damages for personal injuries, the defendant ABCO Refrigeration Supply Corpora-

tion appeals from so much of an order of the Supreme Court, Kings County (Belen, J.), dated October 5, 1999, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it and granted those branches of the motions of the defendant A-1 Expert Mechanical Service Corp., and the defendants SMS Food Corporation and Twentieth Equities Corp., which were for summary judgment dismissing its cross claims against them, and the plaintiff cross-appeals from so much of the same order as granted those branches of the separate motions of the defendants SMS Food Corporation and Twentieth Equities Corp., and the defendant A-1 Expert Mechanical Service Corp., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant ABCO Refrigeration Supply Corporation, and substituting therefor a provision granting that motion and dismissing the complaint insofar as asserted against that defendant; as so modified, the order is affirmed, with costs to the defendants appearing separately and filing separate briefs, payable by the plaintiff, and the complaint is dismissed in its entirety.

The defendants established, as a matter of law, that the condition complained of did not constitute an inherently dangerous condition, was not a trap for the unwary, and was readily observable by the reasonable use of the plaintiff's senses. Therefore, no duty to warn existed (*see, Connor v Taylor Rental Ctr.,* 278 AD2d 270; *Chiranky v Marshalls, Inc.,* 273 AD2d 266; *Cortese v Paris Maintenance,* 255 AD2d 354). In opposition, the plaintiff failed to raise a material issue of fact requiring a trial. Accordingly, the defendants were entitled to summary judgment dismissing the complaint. Bracken, P. J., Ritter, Goldstein and Feuerstein, JJ., concur.